[Civ. No. 32665.   Second Dist., Div. Two.   Mar. 6, 1969.]

LAVELL MILLSAP, Plaintiff and Respondent, v. LYLE A. SPILMAN et al., Defendants and Appellants.

Hanrahan & Kippen and John P. Hanrahan for Defendants and Appellants.

Acret, Perrochet & Robinow and Peter A. Lewi for Plaintiff and Respondent.

FLEMING, J.—Defendants, who contracted in April 1964 to sell real property known as the Medicine Lodge to plaintiff, appeal a judgment declaring that the contract of sale continues in effect during the pendency of a separate action against them by the Attorney General.

The principal issue turns on the construction of the following provision of the contract: ''In the event that the escrow does not close within the time provided [60 days] by reason of some fault of the sellers, sellers agree to extend the escrow for so long as it takes to cure such default, but in no event for longer than 180 days.''

Five days before the scheduled closing of the escrow in June 1964, the Attorney General filed a *lis pendens* against the property, giving notice of his suit to subject it to a charitable trust. Medicine Lodge, a nonprofit corporation which had formerly held title to the property, on dissolution had distributed the property to its members, defendants herein, and the Attorney General sought to challenge the propriety of that distribution. (See *Lynch* v. *Spilman,* 67 Cal.2d 251 [62 Cal.Rptr. 12, 431 P.2d 636].) Since the filing of the *lis pendens* the sellers have been unable to convey marketable title, and in December 1965 they attempted to terminate the contract.

In the present suit the buyer sought to establish the continuing validity of the contract of sale, while the sellers sought to sustain their written termination of the contract. The judgment of the trial court declared in favor of the buyer, and the sellers have appealed.

■ No testimony was introduced on the meaning of the extension clause of the contract, and accordingly its interpretation must be deemed solely a question of law on which the opinion of the trial court is not conclusive. (*Parsons* v. *Bristol Dev. Co.*, 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839].) The most reasonable meaning of the word *fault* in the extension clause is inability to perform. If *fault* means inability to perform, then the exact contingency anticipated by the contract occurred, and at the expiration of the 180-day period the sellers became free to terminate the contract. The trial court, however, interpreted the word *fault* in the extension clause as meaning wrongdoing, not inability to perform. Having equated *fault* with wrongdoing, the trial court then found that the sellers had not been guilty of wrongdoing and hence the clause relating to *fault* did not apply. Since the contract made no provision for the contingency which had occurred, the court felt free to apply general contract rules and in so doing held that the contract continued in effect during the pendency of the Attorney General's suit.

■ We find it more rational to interpret the meaning of the word *fault* in the contract as inability to perform. Under our view of the contract the sellers were bound to extend the escrow for a period of 180 days if unable to perform, but were only required to grant further extensions of the escrow if their inability to perform was wrongful. Since the sellers' failure to complete the contract was caused solely by their inability to perform, they were entitled to terminate the contract at the expiration of 180 days.

■ The contract did not specify damages for nonperformance of the contract by sellers, and plaintiff suggssts that the promise of sellers was illusory since they could escape the contract without penalty by refusing to perform. But the sellers were bound for 240 days no matter what they did, and under our interpretation they would have been bound for an indefinite period had their inability to perform been the result of their wrongful conduct. We see nothing illusory about the sellers' promise and nothing unfair about the clause in the contract which permits the sellers to terminate because of inability to perform.

The judgment is reversed.

Herndon, Acting P. J., and Wright, J., concurred.

A petition for a rehearing was denied April 4, 1969.